23137. GUNNIN v. SEAGRAVES, Sheriff.

CANDLER, Presiding Justice. W. B. Gunnin, Jr. was indicted in Madison County for murder and on his trial was convicted of voluntary manslaughter and sentenced to serve a term of 7 years in the penitentiary. He filed a motion for new trial and by order of the judge was allowed to give a supersedeas bond in the sum of $25,000 which was posted and approved by the Clerk of the Superior Court of Madison County on May 20, 1965. The bond given by him provides: "If the said Billy Gunnin shall be present in person to abide the final order, judgment and sentence of said court in said case, then this obligation shall be void; otherwise of force." His motion for new trial was overruled on July 27, 1965, and the judge at that time orally directed the sheriff to reincarcerate him in the common jail of Madison County which he did. On August 7, 1965, Gunnin brought habeas corpus against Dewey Seagraves as the Sheriff of Madison County in which

he alleged that he was being illegally restrained of his liberty by such sheriff. After a hearing, the applicant was remanded to the custody of the respondent. The facts of that hearing were stipulated by the parties and the only issue shown by them is whether or not the trial judge erred in orally directing the Sheriff of Madison County to reincarcerate the defendant immediately after he was denied a new trial. The exception here is to the judgment remanding the applicant to the custody of the respondent sheriff. *Held:*

On the hearing of the habeas corpus writ no contention was made that the bond which Gunnin gave was for any cause insufficient or that he had committed any act which would authorize the trial judge to revoke the order allowing him to post bail during the pendency of his motion for new trial. However, the solicitor general argues here that the bond which Gunnin gave was conditioned upon his personal appearance to abide the order of the trial judge on his motion for new trial and this seems to be the only reason why the trial judge orally directed the sheriff to reincarcerate the defendant immediately after he had denied him a new trial. But the bond which the defendant gave pursuant to the judge's order requires him to "be present in person to abide the final order, judgment and sentence of said court in said case," and there is no merit in the contention that Gunnin's bond terminated when the order denying him a new trial was issued. Assuming, but not holding, that the trial judge could by oral order revoke his previous order allowing Gunnin to give a supersedeas bond, we think in the circumstances of this case that he erred in issuing such an order. We therefore hold that the judgment remanding Gunnin to the custody of the respondent is erroneous.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED SEPTEMBER 15, 1965—DECIDED SEPTEMBER 22, 1965.

*Harold A. Boggs, Hudson & Stula, Jim Hudson,* for plaintiff in error.

*Clete D. Johnson, Solicitor General,* contra.